UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

SEP 2 2025 PM 3:42
FILED - USDC - FLMD - TPA

v.

CASE NO. 8:25-CR-425-MSS-LSG

46 U.S.C. § 70503(a)
(Conspiracy to Distribute Cocaine
on a Vessel Subject to the
Jurisdiction of the United
States), and

LUCIO ANTONIO MARTINEZ HERNANDEZ,
MIKE ENRIQUE HAYLOCK GUILLEN,
JESUS EDUARDO TORRES TORRES, and
CRISTIAN DE JESUS RIVAS FERNANDEZ

46 U.S.C. §§ 70506(a) and (b)
(Possession with Intent to
Distribute Cocaine on a Vessel
Subject to the Jurisdiction of the
United States)

## INDICTMENT

The Grand Jury charges:

## COUNT ONE
### (Conspiracy to Traffic Cocaine on a Vessel Subject
### to the Jurisdiction of the United States)

Beginning on an unknown date and continuing through on or about August

18, 2025, while upon the high seas and onboard a vessel subject to the jurisdiction of

the United States, the defendants,

LUCIO ANTONIO MARTINEZ HERNANDEZ,
MIKE ENRIQUE HAYLOCK GUILLEN,
JESUS EDUARDO TORRES TORRES, and
CRISTIAN DE JESUS RIVAS FERNANDEZ

did knowingly and willfully combine, conspire, and agree with each other and other

persons known and unknown to the Grand Jury, to possess with intent to distribute a

controlled substance. The violation involved five kilograms or more of a mixture and

substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii).

## COUNT TWO
### (Possession with Intent to Distribute Cocaine on a Vessel Subject to the Jurisdiction of the United States)

Beginning on an unknown date and continuing through on or about August 18, 2025, while upon the high seas and onboard a vessel subject to the jurisdiction of the United States, the defendants,

LUCIO ANTONIO MARTINEZ HERNANDEZ,
MIKE ENRIQUE HAYLOCK GUILLEN,
JESUS EDUARDO TORRES TORRES, and
CRISTIAN DE JESUS RIVAS FERNANDEZ,

did knowingly and intentionally, while aiding and abetting each other and other persons known and unknown to the Grand Jury, possess with intent to distribute a controlled substance. The violation involved five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of 46 U.S.C. §§ 70503(a) and 70506(a), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii).

2

## FORFEITURE

1.    The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of 21 U.S.C. §§ 853 and 881, 46 U.S.C. § 70507, and 28 U.S.C. § 2461(c).

2.    Upon their conviction of any of the violations alleged in Counts One or Two of this Indictment, in violation of 21 U.S.C. § 70503, the defendants,

LUCIO ANTONIO MARTINEZ HERNANDEZ,
MIKE ENRIQUE HAYLOCK GUILLEN,
JESUS EDUARDO TORRES TORRES, and
CRISTIAN DE JESUS RIVAS FERNANDEZ

shall forfeit to the United States, pursuant to 46 U.S.C. § 70507, 21 U.S.C. § 881(a), and 28 U.S.C. § 2461(c), any and all property described in 21 U.S.C. § 881(a)(1) through (11) that was used or intended for use to commit, or facilitate the commission of, such offenses.

3.    Upon their conviction of any of the violations alleged in Counts One or Two of this Indictment, in violation of 21 U.S.C. § 960, the defendants,

LUCIO ANTONIO MARTINEZ HERNANDEZ,
MIKE ENRIQUE HAYLOCK GUILLEN,
JESUS EDUARDO TORRES TORRES, and
CRISTIAN DE JESUS RIVAS FERNANDEZ

shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.

3

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or,

    e. has been commingled with other property, which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provision of 21 U.S.C. § 853(p), directly and as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL.

Foreperson

GREGORY W. KEHOE
United States Attorney

By: David Rehfuss
Special Assistant United States Attorney

By: Daniel Baeza
Assistant United States Attorney
Chief, Transnational Organized Crime Section

No.

## UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

## THE UNITED STATES OF AMERICA

vs.

LUCIO ANTONIO MARTINEZ HERNANDEZ,
MIKE ENRIQUE HAYLOCK GUILLEN,
JESUS EDUARDO TORRES TORRES, and
CRISTIAN DE JESUS RIVAS FERNANDEZ

## INDICTMENT

Violations: 46 U.S.C. § 70503(a) and 46 U.S.C. §§ 70506 (a) and (b

A true bill

_____

Foreperson

Filed in open court this 2nd day

of September 2025.

_____
Clerk

Bail $_____